BUDD & CO., an Ohio Corp., Plaintiff-Appellant, v. CAPITAL FINANCE CORP., d. b. a. SERVICE FINANCE COMPANY, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5517.   Decided October 14, 1958

Dresbach, Crabbe, Newlon, Collopy & Bilger, Charles E. Brown, of Counsel, Columbus, for plaintiff-appellant.

J. Craig R. Wright, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Municipal Court of Columbus, Ohio, rendered upon the sustaining of the defendant's motion for a directed verdict at the close of the plaintiff's case. The action was one of conversion alleging that the defendant wrongfully and unlawfully appropriated and converted to its own use one Crosley electric range bearing Serial No. 50011. The answer was a general denial and cross petition which the defendant dismissed at the close of plaintiff's case.

The record reveals that the plaintiff-appellant, Budd & Company, sold to one Carlyle Welding the said electric range and took back a chattel mortgage for the balance of the unpaid purchase price; that prior to the date of the sale, the defendant-appellee, Service Finance Company, held a chattel mortgage on all of the household goods of Mr. Welding, including an old range which was traded in as part of the purchase price on the new one. That both mortgages were properly recorded is conceded by both of the parties. Welding later became a bankrupt and the furniture was placed for storage with the Trowbridge Storage Company. The defendant threatened to seize and sell all of the furniture, whereupon the wife of Welding signed the following letter, which was drawn up by the defendant and presented to her.

"Columbus, Ohio
December 30, 1954

I, hereby authorize the Trowbridge Storage Co. to release my Household Goods to the Columbus Auction Company. Subject Household Goods to be sold at Public Auction and the proceeds of said sale less commissions to be applied to my account with the Service Finance Company.

/s/ By Ernetta Welding"

The errors assigned are:

1. The court erred in directing a verdict in favor of the defendant on the petition of the plaintiff.

2. The judgment of the court was contrary to law and manifestly against the weight of the evidence.

We are of the opinion that the first assignment of errors is well taken, for in passing on such a motion the court must resolve all inferences which may be derived from the evidence in favor of the party and against whom the motion is made. If, after giving the evidence such favorable construction, reasonable minds could come to but one conclusion which is adverse to such party, then and then only should a verdict be directed against him. **Hamden Lodge v. Ohio Fuel Gas Company, 127 Oh St 469.**

It will be noted that the purported letter of authorization to sell the furniture and apply the proceeds to the account of the defendant merely grants permission for the acution company to sell, but is silent as to who employed the auction company to conduct the sale.

The inference is reasonable, we think, from the plaintiff's evidence, that the defendant was the employer of the auction company. If so, it became the principal and is responsible for the sale of the range.

The judgment will be reversed and the cause remanded for further proceedings according to law.

PETREE, PJ, BRYANT, J, concur.